```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JEROME MCKOY,

                         Plaintiff,       05 Civ. 1535 (DAB)
                                           ADOPTION OF REPORT
               -against-                   AND RECOMMENDATION

WILLIAM J. HENDERSON (PMG), UNITED
STATES POSTAL SERVICE and NATIONAL ASSOCIATION OF LETTER CARRIERS
AFL-CIO,

                         Defendants.
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 5, 2007

DEBORAH A. BATTS, United States District Judge.

On January 26, 2007, Magistrate Judge Kevin Nathaniel Fox issued a Report and Recommendation ("Report") in the above-captioned case. Judge Fox recommends that Defendants' Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure (F.R.C.P.) be denied, and that the Defendants' Motion to Dismiss under F.R.C.P. 12(b)(6) be granted.

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations." See also Fed. R. Civ. Pro. Rule 72(b). The District Court is required under 28 U.S.C. § 636(b)(1)(C) to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection

1

is made." Where no timely objection has been made, "a district court need only satisfy itself there is no clear error on the face of the record." Nelson v. Smith, 618 F.Supp. 1186, 1189 (S.D.N.Y. 1985). See also, Vega v. Artuz, 2002 WL 31174466, at 1 (S.D.N.Y. 2002) ("[O]bjections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review . . . [such objections] would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (Citations and internal quotation marks omitted). After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

In his 75-page "Affidavit in Support of Pliantiff's [sic] (McKoy's) Objection to the Report & Recommendation" (hereinafter, "Objection"), Plaintiff identifies six arguments in opposition to the Report. Specifically, Plaintiff objects to the Report on the following bases: (1) "A Substantial Basis Exists for Difference of Opinion" (Objection at 38); (2) "Whether McKoy is entitled to any due process under the Fourteenth Amendment" (Objection at 45); (3) "Whether the U.S.P.S. and the Union have a legal right

under the CBW agreement to interfere with McKoy's constitutional and civil rights under the EEO provision" (Objection at 48); (4) "Whether the U.S.P.S. and Union have the legal right or bases to discriminate against McKoy, base on overtime work, when the U.S.P.S. has sign for overtime and McKoy is entitled to work overtime according to 39 U.S.C. §§ 3571-3576 [sic]" (Objection at 52); (5) "Was the issue actually decided in a prior proceeding for res judicata or collateral estoppel to be attach to Rule 12(b)(6) [sic]" (Objection at 59); and, (6) "Public Policy in Title VII of the Civil Rights Act of 1974." (Objection at 64).

For the following reasons, this Court accepts and adopts the findings of Magistrate Judge Fox to the extent that it recommends dismissal of the Complaint under Rule 12(b)(6) of the F.R.C.P. and hereby dismisses Plaintiff's Complaint.

I. BACKGROUND

The facts in this matter are sufficiently set forth in Judge Fox's Report, and will not be fully reiterated here. Since Plaintiff is proceeding pro se, the Court must consider his submissions liberally, and interpret them to raise the strongest arguments they can suggest. See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (citing Burgos v. Hopkins, 41 F.3d 787, 790 (2d Cir. 1994)). Even construed liberally, most of Plaintiff's

3

objections amount to a litany of conclusory assertions and a general rehashing of the same arguments which provided the basis of his Complaint.[2] Most of Plaintiff's objections do not pertain to the substance of the Report, and do not set forth any factual or legal bases which address any error by Judge Fox. Plaintiff's fifth argument, asserting that the Report should not be adopted because the validity of his termination from the Postal Service was not "actually decided" is the only objection levied which comes close to directly challenging the reasoning of the Report. Accordingly, this is the only objection by Plaintiff which this Court examines under de novo review.

The Court notes additionally that, in their February 26, 2007 letter brief to the Court, Defendants responded to the portion of the Report which denies their motion to dismiss under Rule 12(b)(1) by withdrawing that motion. (Def. Objections at 1). This response effectively moots that portion of the Report. The

---

[2] See, e.g., "The decision by magistrate (N. Fox) to dismiss McKoy claims in the report & recommendation of January 26, 2007, is unconscionable, unconstitutional and inappropriate pursuant to Fed.R.Civ.P. 12(b), 56; and Fifth and Fourteenth Amend., for McKoys rights to procedural due process under Title VII, Article 78 of the New York State Civil Practice Law 75 and Article I, Section 6 or the New York States Constitution, has violated McKoy's Fifth and Fourteenth Amend., right to due process, due process of law and McKoy's right's for his day in Court; and violates McKoy's rights to any claims under Title VII and 42 U.S.C. 1983 concerning McKoy's property interest in continue employment. [sic]" (Objection at 2).

4

doctrine of mootness provides that, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Steffel v. Thompson, 415 U.S. 452 (1974). Accordingly, this Court declines to review that portion of the Report which denies Defendants motion to dismiss pursuant to Rule 12(b)(1) of the F.R.C.P.

## II. DISCUSSION

### A. The Res Judicata Bar

Plaintiff objects to Magistrate Judge Fox's finding that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) should be granted because the doctrine of res judicata bars his claims in the present action. (Objection at 2). The principle basis for this objection appears to be Plaintiff's claim that the validity of his termination from the Postal Service was never "actually decided." (Objection at 59-61). In explaining his objection, Plaintiff lists a number of the factual circumstances which gave rise to his claim and asks repeatedly "how does one actually decides [sic]" each circumstance. Id.

However, the Plaintiff appears to misunderstand the applicability of res judicata doctrine. The doctrine of res judicata bars the "subsequent litigation of any ground of recovery that was available in the prior action, whether or not

doctrine of mootness provides that, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Steffel v. Thompson, 415 U.S. 452 (1974). Accordingly, this Court declines to review that portion of the Report which denies Defendants motion to dismiss pursuant to Rule 12(b)(1) of the F.R.C.P.

## II. DISCUSSION

### A. The Res Judicata Bar

Plaintiff objects to Magistrate Judge Fox's finding that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) should be granted because the doctrine of res judicata bars his claims in the present action. (Objection at 2). The principle basis for this objection appears to be Plaintiff's claim that the validity of his termination from the Postal Service was never "actually decided." (Objection at 59-61). In explaining his objection, Plaintiff lists a number of the factual circumstances which gave rise to his claim and asks repeatedly "how does one actually decides [sic]" each circumstance. Id.

However, the Plaintiff appears to misunderstand the applicability of res judicata doctrine. The doctrine of res judicata bars the "subsequent litigation of any ground of recovery that was available in the prior action, whether or not

it was actually litigated or determined." <u>Balderman v. United States Veterans Admin.</u>, 870 F.2d 57, 63 (2d Cir. 1999) (citations omitted). Plaintiff did have an opportunity to litigate fully the issue of his termination from the United States Postal Service. Accordingly, the Court finds this objection to be clearly without merit.

### III. CONCLUSION

Plaintiff's remaining objections are either general, or reiterate arguments already submitted to Magistrate Judge Fox. Therefore this Court need only review the remainder of the Report for clear error. Having found no clear error on the record, and having conducted an independent <u>de novo</u> review of the specifically objected-to portions of the Report, it is ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation of United States Magistrate Judge Fox dated January 26, 2007, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court to the extent that it recommends dismissal of Plaintiff's claims under F.R.C.P. 12(b)(6);

2. The Order to Show Cause filed by Plaintiff on February 27, 2007 and which is based upon the same factual grounds that form the basis for Plaintiff's Complaint in the above-captioned case is hereby DENIED; and,

3. The Clerk of the Court is respectfully directed to close the case.


SO ORDERED

DATED:   New York, New York
         March 5, 2007

                                        _____
                                        DEBORAH A. BATTS
                                        United States District Judge